# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**LARRY JACKSON**                                                        **PETITIONER**

**V.**                     **NO. 4:16-CV-11-DMB-DAS**

**HINDS, et al.**                                                       **RESPONDENTS**

## ORDER OF TRANSFER

Larry Jackson has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. #1. In his petition, Jackson challenges his thirty-year sentences for convictions of the sale of cocaine (two counts). *Id.* Specifically, Jackson argues that he is a mentally ill veteran who is unlawfully incarcerated because he is not guilty.[1] Doc. #1 at 2, 16.

Jackson has filed at least one other § 2254 motion concerning the same convictions which he now seeks to challenge. *See Jackson v. Croker*, No. 4:01-CV-139-GHD (Doc. #1). On October 18, 2001, the petition was dismissed with prejudice for failure to timely file. *Id.* at Doc. #10.

The Antiterrorism and Effective Death Penalty Act requires that before a second or successive petition is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). When a prisoner has not obtained the necessary order of authorization, the district court may transfer the petition to the Fifth Circuit "for a determination [as to] whether the successive petition should be allowed." *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

The record shows that Jackson has not obtained an order of authorization to pursue his successive petition. Therefore, in the interest of justice and judicial economy, it is **ORDERED**

---

[1] In support of his petition, Jackson attaches several letters he has written to people seeking help with his release from prison. *See* Doc. #1.

that the Clerk of Court transfer this petition and the entire record of this case to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) and (b)(3)(c), and 28 U.S.C. § 1631. Accordingly, this case is **CLOSED**.

**SO ORDERED**, this 16th day of September, 2016.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**